## Andes Inc. v. Gordon, Secretary of Banking

*M. M. Harnish*, for plaintiff; *John N. Hetrick*, for defendant.

ATLEE, P. J., January 21, 1933.—The parties to this case have agreed upon the following facts:

During the year 1931 the Agricultural Trust & Savings Company of Lancaster, Pa., was doing business as a trust company in the City of Lancaster. On January 7, 1932, the said trust company closed its doors and was taken over by the banking department of the State. The business and assets of the trust company are now in process of liquidation under the direction of the Secretary of Banking of this Commonwealth. Andes Inc. is a corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business at Lancaster, Pa. Eugene B. Andes, of Lancaster, who was the president and general manager of Andes Inc., died March 26, 1931, and by reason of his death the said Andes Inc. shortly thereafter decided to liquidate and close out its business. At the time of the death of Mr. Andes he was a director in the said trust company, and the said Andes Inc. was indebted to the said trust company on certain notes to the amount of $10,000 and upwards. After the board of directors of Andes Inc. determined to liquidate their business they became in doubt as to whether or not the corporation was insolvent and thereupon the directors determined that any payments on account of indebtedness due by said corporation should be made pro rata among all of the creditors. In order to prevent the trust company applying deposits in its hands on notes due by Andes Inc. to the trust company, thereby giving a preference to said trust company as a creditor, Andes Inc., through its solicitor, notified the officers of the trust company that Andes Inc. would not continue its account in the trust company unless an agreement was entered into whereby the trust company would agree not to apply any of the deposits of Andes Inc. in the trust company on account

of notes due the trust company, and that the said trust company would share only pro rata on its claim with the other creditors in the same class of said trust company. By reason of the foregoing, it is contended that an oral agreement was entered into by and between Andes Inc. and the trust company, providing that all deposits of Andes Inc. in the said trust company at that time, or that might thereafter be made, should at all times be free and clear from any set-off or claims on the part of the trust company, by reason of the obligations held by the said trust company against Andes Inc. It was further expressly agreed that the said trust company should participate equally with all other creditors of Andes Inc. in any distribution of the funds of Andes Inc. in the said bank at the time of the making of the agreement or that thereafter might be placed in the said bank. After this agreement was made, Andes Inc. continued to deposit its funds in the said trust company, including a deposit of insurance money to the amount of $10,000, and other large sums of money realized out of the liquidation of assets of Andes Inc. On or about July 31, 1931, Andes Inc. paid a dividend of 38 percent to all of its creditors out of the said fund on deposit in said trust company. From this dividend the trust company received its pro rata dividend of $3,952, leaving a balance due to the trust company of approximately $6,450. About December 18, 1931, the above-mentioned oral agreement was further confirmed by a letter from the vice-president and treasurer of the trust company with the approval and consent of the president of the trust company. As above stated, the Agricultural Trust & Savings Company closed its doors January 7, 1932. On that date Andes Inc. had on deposit in the said trust company the sum of $4,164.21. On August 16, 1932, a dividend of 10 percent was paid to the depositors of the trust company, which would make the dividend payable to Andes Inc. the sum of $416.42. This amount has not been paid to Andes Inc. because the Secretary of Banking holds notes of Andes Inc. to the amount above mentioned. Therefore the following question is submitted for the determination of the court:

"1. Whether the said contract entered into between said officers of said Agricultural Trust & Savings Company, for and in behalf of the said trust company, and the board of directors of said Andes Inc. is binding upon the defendant?

"If the court be of the opinion that said contract is binding on the defendant, then the court is respectfully requested to enter judgment in favor of the plaintiff.

"If the court shall be of the opinion that said defendant is not bound by said contract, then the court is respectfully requested to enter judgment in favor of the defendant."

Unquestionably the directors of Andes Inc. could have removed from the Agricultural Trust & Savings Company the deposit remaining there; or the trust company could have immediately applied the deposit of Andes Inc. to the notes. The agreement was one of coöperation and the trust company seems to have received its proper dividend as a creditor of Andes Inc.

By entering into the agreement, the trust company surrendered its right to set off the deposit against the notes. Parties having a legal capacity to contract have a right to make such stipulations as they see fit, provided they do not contravene the law; and such stipulations are to be faithfully observed by the contracting parties. Where funds have been deposited for a special purpose, wih notice to the receiver of the deposits, the receiver of the deposits cannot refuse to apply the funds to the object for which the funds were deposited on the ground that a debt is due to the receiver of the deposits from the depositor of the funds. In the instant case Andes Inc. had deposited the funds in the

trust company for the special purpose of distribution among the creditors of Andes Inc. The trust company had notice of this fact and, at this time, cannot refuse the right of Andes Inc. to a dividend on the deposit, on the ground that Andes Inc. is indebted to the trust company: Bank of the United States v. Macalester, 9 Pa. 475, 483.

Therefore the court decides that the contract entered into between the officers of the Agricultural Trust Company and the board of directors of Andes Inc. is binding upon the trust company, and upon the Secretary of Banking of this Commonwealth in possession of the business and property of the said trust company.

In accordance with the legal authority hereinabove cited the court now enters judgment in favor of the plaintiff, Andes Inc., and against William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, etc., in the amount of $416.42, the amount of the dividend payable to Andes Inc. on its deposit of $4,164.21. The fund having been held pending litigation, no interest is allowed. From George Ross Eshleman, Lancaster, Pa.